UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**J&J SPORTS PRODUCTIONS, INC.,**
          Plaintiff,

v.                                                        Case No. 15-cv-0476

**HOMESTYLE RESTAURANT GROUP LLC**
d/b/a Club International and **HUSSEIN GOVANI,**
          Defendants.
_____

## DECISION AND ORDER

Plaintiff J&J Sports Productions, Inc. filed this action pursuant to The Communications Act of 1934, 47 U.S.C. § 605, alleging that defendants, who operated a club, used an illegal satellite receiver to intercept and air a boxing fight at the club without plaintiff's authorization. After several failed attempts at service and after publishing notice on three separate occasions, defendants had still not answered or otherwise appeared in this lawsuit. The clerk entered default as to both defendants on October 1, 2015, and on November 25, 2015, I granted plaintiff's motion for default judgment and entered judgment against defendants in the amount of $111,860.00.

On January 13, 2016, defendants filed a motion to vacate the default judgment, arguing that plaintiff's service of process was fundamentally unfair and did not afford defendants an opportunity to respond. I may set aside a judgment if defendants show, in relevant part, (1) mistake, inadvertence, surprise, or excusable neglect or ; (2) fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b). Defendants attempt to show these by arguing that the process server "was either wholly inadequate in his job or perpetrated a fraud upon" plaintiff's attorney. Specifically,

defendants argue that shortly before the complaint was filed, an unknown individual fired shots at his residence, and that since then he has not lived at that address. However, he contends, had the process server gone to the club location, which defendants no longer operate as a club but rather lease out, they would have instructed the process server to walk across the parking lot to the National Muffler shop, located at 1614 W. National Ave., where defendant Govani works 60–80 hours per week.

In response, plaintiff provides the process server's sworn affidavit of service, which states that he attempted to serve defendants at the 1614 W. National Ave. address on four separate occasions between May and June of 2015, at times ranging from 8:25am to 5:05pm. The affidavit also notes that the process server was told by the front counter that defendant Govani was not in and that he left his card. Further, plaintiff and defendants were apparently involved in previous litigation, *see J&J Sports Productions, Inc. v. Homestyle Restaurant Group LLC*, No. 13-cv-0506 (E.D. Wis.). After filing the complaint in this action, plaintiff's attorney emailed defendants' attorney from the 2013 action, Attorney Michael Chernin, informing him of this litigation, and inquiring whether his clients would be willing to admit service. *See* Pl.'s Resp. Ex. D (ECF No. 14-4). Plaintiff never received a response to that email, but Attorney Chernin is representing defendants in this action.

Although a trial on the merits is favored over a default judgment, it is appropriate where a party willfully disregards pending litigation. *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). The party seeking to vacate a default judgment

2

must make the showing required under Rule 60(b). Under Wisconsin law,[1] service by publication is permissible if "with reasonable diligence" a defendant cannot be served personally or served by leaving a copy of the summons and complaint at the defendant's usual place of abode. Wis. Stat. § 801.11(1)(c). "The diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence may be conceived." *Haselow v. Gauthier*, 569 N.W.2d 97, 101 (Ct. App. 1997). In other words, plaintiff need not "search every nook and cranny of the earth for a defendant . . . before resorting to service by publication." *Yan Fang Jiang v. Hannon Grp., Ltd.*, No. 14-CV-309, 2015 WL 541678, *6 (E.D. Wis. Feb. 10, 2015).

At the time I entered default judgment in this case, it appeared to me that defendants were willfully disregarding this litigation by avoiding service. Defendants have not shown otherwise. Rather, the additional evidence submitted by plaintiff shows a more than reasonable attempt by plaintiff and its process server to locate and serve defendants. Plaintiff argues that the process server should have attempted service at the 1614 W. National Ave. address, but plaintiff provides a sworn affidavit that he attempted service there four times and left his card at the front desk for defendant Govani. Further, plaintiff reached out to defendants' counsel from previous litigation, who ignored plaintiff's counsel's email but yet now represents defendants in this litigation. Thus, I conclude that plaintiff's process server exercised reasonable diligence in attempting to serve defendant, that service by publication was appropriate under the circumstances, and that plaintiff has not shown mistake, inadvertence, surprise,

---

[1] *See* Fed. R. Civ. P. 4(e) (permitting plaintiff to serve summons and complaint following state law).

3

excusable neglect, or fraud by plaintiff's process server sufficient to vacate the default judgment.[2] For these reasons, I will let the default judgment stand.

**THEREFORE, IT IS ORDERED** that defendant's motion vacate default judgment (ECF No. 13) is **DENIED**.

Dated at Milwaukee, Wisconsin this 15th day of April 2016.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[2] Defendants requested an evidentiary hearing on their motion if I believe one is necessary. I do not. First, while defendant makes numerous factual assertions in its motion to vacate the default judgment, they failed to file any affidavits, exhibits, or other documents to support the veracity of these factual assertions, and I am hesitant to give defendants a second opportunity to support their unsupported motion. Additionally, even assuming the facts asserted in defendants' motion to be true, plaintiff's evidence is sufficiently persuasive that I do not believe an evidentiary hearing would change my opinion.